GRAND ISLE,<br>January,<br>1838.<br>———————<br>Hibbard<br>v.<br>Hurlburt

Judgment of the County Court affirmed.

———————————

WILLIAM SOWLES v. JOHN M. SOWLES.

GRAND ISLE,<br>January,<br>1838.

A. being adminstrator of B, and guardian of C, presented claims in their favor and procured the same to be allowed by the commissioners on the estate of D. A. died, and these debts being unpaid, his adminstrator claimed pay of the executor of D, who, thereupon, gave him his note therefor ;—Held, that this note was without consideration, and uncollecta- ble.

ASSUMPSIT, on a promissory note for thirty dollars. Plea —*Non assumpsit.* Issue to the court.

On the trial in the county court, the defendant admitted the execution of the note, and, to avoid it, for want of consideration, proved the following facts.

Alanson D. Loop, deceased, was in his lifetime guardian of his two sisters Almira E. and Melissa A. Loop. The de- fendant was executor of the said Alanson's last will and testament. A short time after his death the said Almira died, and one Augustus P. Loop was executor of her last will and testament, and was also appointed guardian of the said Melissa. The estate of Alanson was represented insolvent, and the commissioners of insolvency, on his estate, allowed to Augus- tus, as executor of the last will of Almira, the sum of $200, and also allowed to him, as guardian of Melissa, the sum of $250. About four years afterwards, Augutus died and imme- diately after his death Wiliam A Ladue was appointed guardian of Melissa, and the plaintiff was appointed adminis- trator of the estate of Augustus. The aforesaid sums, allowed against the estate of said Alanson, were then unpaid. The plaintiff, as administrator of the estate of the said Augustus,

GRAND ISLE, claimed of the defendant the sums so allowed by the commis-
January,
1838.     sioners on the estate of the said Alanson, and the note in ques-
————————    tion was given for the balance due on said claims. The county
Sowles      court decided that these facts did not show a want of con-
v.          sideration for said note, and rendered a judgment for the
Sowles      plaintiff, to which decision and judgment of the county court,
the defendant excepted.

*F. Hazen,* for defendant.

*G. Harrington,* for plaintiff.

The opinion of the Court was delivered by

COLLAMER, J.——As between the parties to a note of hand,
entire want of consideration is a sufficient defence. The
claims allowed against the estate of Alanson Loop were part
of the property of Almira and Melissa. They were not the
property of Augustus, who, in his representative capacity, pro-
cured them allowed. He did not administer on them, never
rendered them his property, could not have enforced them, in
his own right, and on his decease they were to be enforced only
by an administrator *de bonis non* of Almira, and by Melissa
or her guardian. The plaintiff was an entire stranger and
derived no right or privity thereto, by being administrator
of Augustus. The case states that the plaintiff claimed the
right, as administrator of Augustus, to have those demands,
and as we understand the case, this note was given on that
claim and that such alone was its consideration. The plain-
tiff had, and parted with no right, to procure this note. The
defendant derived no advantage in giving it; as the claims
may still be, at any time, collected by those to whom they
belong. This note then is wholly without consideration.

                                              Judgment reversed.